UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LUCY CHACKO,

                      Plaintiff,

           - against -

CREEDMOOR PSYCHIATRIC CENTER,

                      Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-3406 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Lucy Chacko brings this action against Defendant Creedmoor Psychiatric Center ("Creedmoor") alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code, § 8-502(d). (Compl., Dkt. 1, at ECF[1] 3–4.) Plaintiff contends that Defendant discriminated against and terminated her because of her age, and seeks compensatory damages and backpay. Before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Def.'s Mot. to Dismiss ("MTD")[2], Dkt. 10, at 2.)

Because sovereign immunity bars Plaintiff's claim against Defendant under the ADEA and Plaintiff alleges no other federal claims, the Court grants Defendant's motion and dismisses the case.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] Although originally filed as a request for a pre-motion conference in anticipation of a motion to dismiss, the Court "construes Defendant's letter as its motion to dismiss." (09/12/2025 Dkt. Order (citation omitted).)

## BACKGROUND

Plaintiff is a 75-year-old resident of Brooklyn, New York.  (Compl., Dkt. 1, at ECF 9.)  From November 9, 2023 to January 17, 2024, Plaintiff worked as a Mental Hygiene Therapy Aide Trainee ("MHTA") at Creedmoor.  (*Id.* at ECF 4–5, 9.)  Creedmoor is a psychiatric hospital operated by the New York Office of Mental Health ("OMH"), a state agency providing inpatient and outpatient mental health services.  (MTD, Dkt. 10, at 1; *see also* Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opp'n"), Dkt. 13, at 1 (acknowledging the OMH as the employer of MHTAs).)

Plaintiff alleges that during her employment with Creedmoor, she was subjected to age discrimination and retaliation.  (Compl., Dkt. 1, at ECF 5–8.)  As support for her allegations, Plaintiff points to actions by her coworkers during her tenure at Creedmoor, including making "inquiries into [her] age" and telling her she was "old."  (*Id.* at ECF 7, 9.)  One Creedmoor staffer who was under the age of 40 also asked Plaintiff, "Do you receive Social Security[?]  Did your children allow[] [you] to work at this age?  Why do you want work?"  (*Id.* at ECF 7.)  Plaintiff additionally contends that she was denied her desired shifts and given more work than her younger coworkers.  (*Id.* at ECF 5–7, 9.)  For example, Plaintiff was asked to "look for safety exits, the lactation room," and do "other such nonsensical things," while younger MHTAs were not asked to do the same.  (*Id.* at ECF 6, 9–10.)  "Similarly situated [employees]," who were "at or near the age of 30," were also "assigned less violent patients."  (*Id.* at ECF 9.)  Eventually, Plaintiff was struck by two such violent patients.  (*Id.* at ECF 10.)

One day after being "struck in the head" by a patient, Plaintiff alleges that she was "wrongfully terminated" without being counseled or given a warning letter.  (*Id.* at ECF 5, 10.)  After being terminated, Plaintiff discovered that Creedmoor had "fabricated incident[] reports" and charged her with "do[ing] something wrong on January 23, 2024"—even though she "was no

2

longer working there." (*Id.* at ECF 10.) Plaintiff alleges that she "would not have been treated poorly . . . and later terminated" if she had been younger. (*Id.*)

**I.      Procedural History**

Following her termination from Creedmoor, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (Compl., Dkt. 1, at ECF 11.) The EEOC issued a Notice of Right to Sue on March 13, 2025, (*id.* at ECF 13), and Plaintiff commenced this action on June 11, 2025, (Compl., Dkt. 1). Generously read, Plaintiff's opposition argues that jurisdiction over her ADEA claim is proper pursuant to 28 U.S.C. § 1331, and that this court has supplemental jurisdiction over her NYCHRL and NYSHRL claims pursuant to 28 U.S.C. § 1367(a). (*See* Opp'n, Dkt. 13, at 3.)

Defendant sought dismissal of the Complaint[3] on August 28, 2025 and argued that the Court lacks subject matter jurisdiction over Plaintiff's ADEA claim because of state sovereign immunity and that, regardless of jurisdiction, Plaintiff's Complaint fails to state an ADEA claim. (MTD, Dkt. 10, at 2–3.) Specifically, Defendant contends that Creedmoor, as a "State agency, . . . is immune from suit under the ADEA pursuant to the Eleventh Amendment." (*Id.* at 2.) In addition, Defendant asserts that Plaintiff fails to plausibly allege an ADEA violation because her Complaint does not connect her age to her termination. (*Id.* at 2–3.) Moreover, Defendant argues, Plaintiff's Complaint fails to allege that she engaged in a protected activity that resulted in Defendant retaliating against her. (*Id.* at 3.)

---

[3] Pursuant to the Court's Individual Practices and Rules, Defendant made a motion for a pre-motion conference. The Court construed it as a motion to dismiss and ordered Plaintiff to file a letter in opposition. (09/12/2025 Dkt. Order.)

3

Plaintiff maintains that Congress has abrogated state sovereign immunity in the ADEA. (*See* Opp'n, Dkt. 13, at 1.) Therefore, she argues, her "federal claims are still viable" and her NYSHRL and NYCHRL claims should be kept in federal court. (*Id.* at 3.)

## LEGAL STANDARD[4]

"A district court properly dismisses an action under [Federal Rule of Civil Procedure ("Rule")] 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "The standard for reviewing a [Rule] 12(b)(1) motion to dismiss is essentially identical to the [Rule] 12(b)(6) standard, except that '[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 286 (E.D.N.Y. 2013) (quoting *Makarova*, 201 F.3d at 113). When considering a motion to dismiss under Rule 12(b)(1), the Court takes as true the factual allegations in the Complaint but does not draw inferences favorable to the party asserting

---

[4] It is an open question in the Second Circuit whether claims of Eleventh Amendment sovereign immunity should be construed as raising a question of subject matter jurisdiction, and thus whether it should be analyzed under Rule 12(b)(1), or as an affirmative defense analyzed under Rule 12(b)(6). *See Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) (leaving open "whether the claim of sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense" (citing *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 391 (1998)); *Schacht*, 524 U.S. at 391 (questioning—but not resolving—whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction"). The distinction is significant because in evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts as true all the factual allegations in the complaint, whereas in adjudicating a motion to dismiss under Rule 12(b)(1), the Court may resolve disputed factual issues by reference to evidence outside the pleadings. *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007). The Court assumes that Rule 12(b)(1) applies, *see Alden v. Maine*, 527 U.S. 706, 730 (1999) (acknowledging that "the constitutional principle of sovereign immunity . . . pose[s] a bar to federal jurisdiction over suits against nonconsenting States"), but notes that the outcome of Defendant's motion to dismiss would be same whether as a matter of jurisdiction under Rule 12(b)(1) or as an affirmative defense under Rule 12(b)(6).

jurisdiction. *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). However, the "submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Saeli v. Chautauqua Cnty., NY*, 36 F.4th 445, 457 (2d Cir. 2022) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

## DISCUSSION

### I. Creedmoor Is Entitled to Sovereign Immunity

Defendant asserts that Creedmoor is "immune from suit under the ADEA pursuant to the Eleventh Amendment" and therefore Plaintiff's ADEA claim against it should be dismissed. (MTD, Dkt. 10, at 2.) The Court agrees.

"The Eleventh Amendment generally bars suits in federal court by private individuals against non-consenting states[,]" and precludes "actions in which a state is actually named as a defendant, but also certain actions against state agents and instrumentalities, including actions for the recovery of money from the state." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015) (first citing *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); then citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); and then citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). "As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (summary order) (citing U.S. Const. amend. XI; *Alden*, 527 U.S. at 727–28).

Plaintiff names only Creedmoor, "a psychiatric hospital operated by the New York State Office of Mental Health (OMH)," as a Defendant. (*See* Compl., Dkt. 1, at ECF 1; MTD, Dkt. 10, at 1.) Plaintiff acknowledges that she was hired to work at Creedmoor by OMH and that Creedmoor is a state entity. (Opp'n., Dkt. 13, at 1.) Thus, the Court assumes Creedmoor is a state

5

agency for the purpose of deciding this motion. *See Felske v. Hirschmann*, No. 10-CV-8899 (RMB), 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them." (citations omitted)).

The Court therefore concludes, as it and other courts have before, that Creedmoor is entitled to state sovereign immunity. *See, e.g.*, *Harvey v. Creedmoor Psychiatric Ctr.*, No. 21-CV-7031 (PKC) (LB), 2022 WL 36169, at *2 (E.D.N.Y. Jan. 4, 2022) ("[Sovereign] immunity extends to the State's agencies, such as the Office of Mental Health and Creedmoor." (citations omitted)); *see also Iwelu v. N.Y. State Off. of Mental Health*, No. 22-CV-3096, 2024 WL 2175938, at *2 (2d Cir. May 15, 2024) (summary order) (finding Creedmoor is protected by sovereign immunity); *Sullivan v. Creedmoor Psychiatric Ctr.*, No. 22-CV-3420 (RPK) (LB), 2023 WL 6390165, at *4 (E.D.N.Y. Sep. 30, 2023) (concluding "Creedmoor is a state agency for purposes of the Eleventh Amendment" and collecting cases).

## II. New York Has Not Waived Immunity Nor Has Congress Abrogated It

Eleventh Amendment sovereign immunity is not absolute. A plaintiff may sustain a private action against a State in federal court in two instances. First, a State may waive its immunity and consent to a lawsuit. *Sanders v. Parker*, No. 22-CV-5141 (PKC) (JRC), 2023 WL 4902496, at *3 (E.D.N.Y. Aug. 1, 2023) (citations omitted). Second, Congress may explicitly eliminate by statute a State's sovereign immunity. *Id.*; *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). Neither applies here.

First, Defendant has not waived its sovereign immunity. Plaintiff does not claim that Defendant has taken any action or made any "clear declaration" that it intends to submit to the Court's jurisdiction. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527

U.S. 666, 676 (1999) (quoting *Great N. Life Ins. Co. v. Read*, 322 U.S. 47, 54 (1944)). Rather, Defendant has insisted that this suit is barred by sovereign immunity in each submission it has made to the Court. (*See* MTD, Dkt. 10, at 2; Reply in Supp. of Def.'s Mot to Dismiss, Dkt. 14, at 1); *see also Sanders*, 2023 WL 4902496, at *4 (concluding defendants did not waive their sovereign immunity in part because they "maintained that this lawsuit is barred by sovereign immunity in each of their submissions to the Court"). Defendant therefore has not consented to this suit.

Second, Congress did not validly abrogate state sovereign immunity in the ADEA. While Congress might at times intend to abrogate state sovereign immunity to suit in federal court by legislative enactment, such an abrogation will not be recognized unless Congress acted "pursuant to a valid exercise of power." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). In *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 67 (2000), the Supreme Court determined that although "the ADEA does contain a clear statement of Congress' intent to abrogate the States' immunity, . . . the abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment." As such, where, as here, a State does not consent to suit, a claim brought under the ADEA against a State is barred by the Eleventh Amendment. *See id.* at 91–92; *McGinty v. New York*, 251 F.3d 84, 92 (2d Cir. 2001) ("[W]hile an aggrieved party can pursue avenues other than the ADEA when faced with age discrimination, it clearly cannot mount an ADEA claim against a State without its consent in federal court." (internal citations omitted)).

Accordingly, Plaintiff's ADEA claim against Defendant is dismissed.

### III.   Plaintiff's Pendent NYCHRL and NYSHRL Claims

In light of the Court's dismissal of Plaintiff's sole federal claim in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining NYSHRL and NYCHRL claims, which are therefore dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *See Missick v. City of New York*, 707 F. Supp. 2d 336, 354–55 (E.D.N.Y. 2010) (dismissing NYSHRL and NYCHRL claims "in the absence of any remaining federal claims" (citation omitted)); *see also Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998))). To the extent that Plaintiff has viable claims under NYSHRL and NYCHRL, she may bring them in state court.

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss is granted. Plaintiff's claim against Defendant under the ADEA is dismissed under the Eleventh Amendment without prejudice.[5] In light of the Court's dismissal of Plaintiff's sole federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining NYCHRL and NYSHRL claims, which are dismissed without prejudice. The Clerk of the Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 26, 2025
       Brooklyn, New York

---

[5] As discussed, although the Second Circuit has not explicitly held that a motion to dismiss on grounds of Eleventh Amendment immunity is a question of subject matter jurisdiction, it has, in recent summary orders, instructed that such dismissals are to be without prejudice. *See Powers v. Long Island Power Auth.*, No. 21-CV-1755, 2022 WL 3147780, at *2 (2d Cir. Aug. 8, 2022) (summary order) (agreeing that claims barred by sovereign immunity should be dismissed, but requiring dismissal to be without prejudice); *Karupaiyan v. New York*, No. 23-CV-1257, 2024 WL 2174272, at *1–2 (2d Cir. May 15, 2024) (summary order). Accordingly, the Court dismisses Plaintiff's ADEA claim without prejudice.

9